# Schwartz *v.* Baird & Levi.

### *Action of Assumpsit on Sworn Account.*

1. *Husband's written consent to wife's engaging in business.*—The hus-
band's written consent that his wife shall engage in business as a
*feme sole,* required by Code, § 2350, to be filed and recorded in the
office of the probate judge, is a paper kept by a sworn officer, and
transcribed on his records, under Code, § 2788, so as to admit said offi-
cer's certified copy of it as evidence unless the court, on motion, re-
quire production of the original.

2. *Same; entitled to record without acknowledgment.*—Code, § 2350,
prescribing that a husband's consent to his wife's acting as a *feme sole*
trader shall be in writing, signed by him, and filed with the probate
judge, since it does not expressly require acqnowledgment, entitles to
record such paper unacknowledged, and invests a certified copy of it
with like faith and credit as copies of acknowledged instruments so
filed.

3. *Verified account as evidence.*—Where an affidavit sets forth that
affiant was agent of plaintiffs; that the annexed account was a just
claim against defendant; that there was now due thereon a certain
sum, with interest from a certain date, for goods sold and delivered
to defendant at her special request; that there were no credits against
it, in law or equity; that plaintiffs had no security for any part of it;
and that no usury was included therein, it was proper to admit the
account as evidence

4. *Clerical misprision.*—In an attestation, the words, "In witness
whereof, I hereunto set my hand and national seal, at," etc , signed,
"S., Notary Public," and sealed, show an evident clerical misprision
of "national" for "notarial," which can not prejudice.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

Action by Baird & Levi against Hannah L. Schwartz on
account for goods sold and delivered, sued on as a verified
account under the statute.

The pleas and replications are sufficiently stated in the
opinion. The plaintiffs introduced an itemized account
against the defendant, showing the amount due the plaintiffs
from the defendant equal to the amount set out in the affi-
davit attached to said itemized account. This affidavit was
in the following language: "State, county, and city of New

[Schwartz v. Baird & Levi.]

York.   Personally appeared before me, Henry J. Unthielle, who, being duly sworn, says he is agent for Baird & Levi, formerly Cochran, Baird & Levi; that the annexed account is a just and lawful claim against H. L. Schwartz, Birmingham, Ala.; that there is now due and owing thereon, from the said H. L. Schwartz to the said Baird & Levi, the sum of two hundred and sixty-eight 50-100 dollars, with interest from the 6th day of September, 1890, for goods and merchandize sold and delivered to H. L. Schwartz, Birmingham, Ala., at her special instance and request; that there are no credits, set-offs, or counterclaims against it, either in law or equity; that the said Baird & Levi have no security whatever for any portion of said indebtedness; and that no usury is embraced therein.   Henry J. Unthielle.   Subscribed and sworn to before me this 4th day of June, 1891.   In witness whereof, I hereunto set my hand and national seal at my office in the city of New York, county and State aforesaid. Samuel H. Smith, Notary Public, New York county. [Seal.]"   The defendant moved to exclude from the consideration of the jury the itemized account, and the affidavit attached thereto, "because said affidavit does not recite that said account is true, correct, due, and unpaid, as is required by the laws of Alabama authorizing the introduction of itemized accounts in writing."   The court overruled this objection, and the defendant duly excepted.

WADE & VAUGHAN, for the appellant.

H. K. WHITE, for the appellees.

McCLELLAN, J.—This action is prosecuted by Baird & Levi against Hannah L. Schwartz on an open account for the price of goods, wares and merchandise sold and delivered by them to her.   To the general issue was added a plea of coverture.   To this special plea the plaintiffs replied that when the goods were sold to the defendant she was engaged in the mercantile business and that she had the consent of her husband, Louis L. Schwartz, expressed in writing, for her to engage in and carry on business in her own name as if she were a *feme sole;* and that said consent was filed and recorded in the office of the judge of probate of Jefferson county as required by law.   Issue being taken on this replication, the plaintiffs offered in evidence a copy of what purports to be a written consent of and signed by Louis L. Schwartz to his wife, the defendant, engaging in business as if she were a *feme sole,* &c., &c., which is cer-

[Schwartz v. Baird & Levi.]

tified by the probate judge as a true and correct transcript from the records of his office. The defendant objected to this evidence on two grounds only : "1st. Because the same is secondary evidence, the non-production of the original not being accounted for. 2nd. Because said paper purporting to be of file and record in the probate office had no certificate of acknowledgment of the signature of Louis L. Schwartz, and was not entitled to record in the probate office and no faith and credit could attach to same." The answer to the first objection is that this paper is required by law to be "filed and recorded" in the office of the probate judge, or, in other words, to be "kept" by that officer and transcribed on the records of his office. Code 2350, and a certified copy of it is therefore admissible in evidence whenever the original would be competent unless the court on motion requires the production of the original.—Code, § 2788. The second objection is equally untenable. The gist of it is that the paper was not entitled to be filed and recorded in the probate office *because* it bore no certificate of acknowledgment of execution, and therefore no faith and credit could attach to the certified copy. It is sufficient to say in reply to this that the statute does not require a certificate of acknowledgment as a condition precedent to the filing and recording of this paper in the office of the probate judge.—Code, § 2350. Probably the law should be changed in this respect, but we deal with it as it is. If there were other objections to this evidence, they are to be taken as waived, and if it did not support the replication the point is not raised on this record. No charge was given or refused so far as is disclosed here which asserted or denied that plaintiffs had made out their case.

The objections to the introduction of the account are without merit. The statements set forth in the affidavit are in substantial conformity to our statute, and the use of the word "national" in the jurat of the notary is so manifestly a clerical misprision—and this it may be on the part of the City Court clerk—as to be of no importance; the intention clearly was to say "notarial seal" and not "national seal."

The judgment must be affirmed.
Affirmed.